GRAY, The WILLIAM. See Case No. 17,694.

GREAT EASTERN, The (TOWLE v.). See Case No. 14,110.

---

## Case No. 5,736.

### The GREAT BRITAIN.

[Olc. 1.] [1]

District Court, S. D. New York.    Sept., 1843.

WAGES OF SEAMEN — STIPULATION FOR COSTS — "SLUSH."

1. When a sailor brings a suit in rem against a ship to enforce a conditional agreement, made with the master, and outside of the written articles, he will be required to file a stipulation for costs in the same manner as an ordinary suitor.

2. Rule 45 of the district court was intended to give seamen high privileges for the collection of the wages agreed upon for their services; it will not be extended to claims extraneous the contracts for wages.

3. A cook not allowed to proceed under the rule in rem against a vessel to enforce a demand for the slush made during a voyage, when that perquisite was not agreed for in the shipping articles. He must give the stipulations exacted in ordinary cases for libellants.

In admiralty.

A. Nash, for libellant.

Burr & Benedict, for claimants.

BETTS, District Judge. A motion was made by the owner of the ship that the libellants be ordered to file the usual stipulation to cover the costs of suit, and that proceedings in the cause be stayed until the order is complied with. The action was brought by the cook of the vessel to recover the value of the slush made on her last voyage, and appropriated by the master to himself as owner, on her arrival in port. The wages stipulated in the articles ($16 per month) have been paid the libellant in full, but he avers in his libel that the master agreed to allow him the

[1] [Reported by Edward R. Olcott, Esq.]

slush in addition to the money wages; and it is insisted in his behalf that his case comes within rule 45 of this court, which provides, that seamen suing in rem for wages in their own right, and salvors coming into port in possession of the property libelled, shall not be required to give such security (stipulation for costs) in the first instance. He had brought suit against the master personally on that agreement, and recovered judgment in the marine court of this city for $31, the value of the slush, and that judgment has not been satisfied; he is now proceeding against the ship, to render her answerable for the sum, claiming it as part of his wages for the voyage.

The present posture of the case does not demand a decision upon the merits of the claim, but only whether it comes before the court prima facie as a suit for wages, giving the libellant the privilege of carrying it to a hearing without entering into stipulation for costs. Admitting that the written articles are not conclusive upon the sailor as to the amount of his compensation, and that he may prove by parol an agreement made at the time for the allowance of perquisites or other privileges as part of the recompense for his services, it would not follow that he should be allowed, against the owner, to go into that collateral matter without indemnifying him for costs, if he fails to establish his allegations by proof. The shipping articles are the first and highest evidence of the liability of the ship. The owner is to be presumed cognizant of that engagement; and if at the termination of the voyage he contests the right of the sailor to that compensation, it is reasonable and equitable that the seaman should be allowed to seek the aid of the court for enforcing it without the condition of giving security for costs. But when he interposes an additional demand not mentioned in the articles, and resting on extraneous evidence, or dependent upon contingencies, the equity of the protection passes to the side of the owner, and he should be indemnified in the controversy respecting such a claim, if it be ultimately shown to be unfounded. Here is a written contract on the part of the libellant to serve for $16 per month; that sum has been fully paid him; but he asserts that there was a conditional verbal agreement between him and the master that the vessel's slush should belong to him also if he performed his duties satisfactorily. If this is a contract binding on the ship, it is not one the owner must be presumed to have sanctioned, as it appears to have been a verbal arrangement between him and the master aside of the engagement in the articles. It is, moreover, positively denied by the master, and the seaman shows no equity entitling him to prosecute the ship for the claim without giving the stipulation of an ordinary suitor. The rule was intended to give seamen high privileges in collecting the wages agreed upon for their services, but it was not designed to distinguish them from other suitors in respect to emoluments and advantages arising out of collateral arrangements, and not directly and palpably part of their wages. Leaving the libellant the opportunity to take the judgment of the court on his case in respect to his right to recover at all, and also in respect to the liability of the vessel for the amount. I am of opinion that he is not entitled to hold the ship in arrest upon it, without filing the ordinary stipulation for costs. It is accordingly ordered, that unless the libellant file stipulation for costs, according to the course of the court, immediately on notice to his proctor of this decision, the ship be discharged from attachment, and that the libellant stand chargeable in the first instance with the expenses of her arrest.